[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence February 21, 1991Date of Application March 20, 1991Date Application Filed April 2, 1991Date of Decision July 26, 1994
Application for review of sentence imposed by the Superior Court for the Judicial District of Hartford. Docket No. 55429;
Jeremy Weingast, Esq. for the Petitioner.
Carl E. Taylor, Esq. Assistance State's Attorney for the State.
BY THE DIVISION
The petitioner was sentenced to two concurrent 20 year sentences for robbery in the 1st degree and conspiracy to commit robbery in the 1st degree, in violation of C.G.S. §§ 53a-134 (a)(4) and 53a-48 in conjunction with 53a-134. Although he has a prior record of criminal convictions and charges, he has never served jail time until now.
The file reveals that the defendant and another individual executed a carjacking in Hartford at gunpoint. The petitioner and his accomplice took one of the victim's purse and punched another in the face on Laurel Street at noon on June 12, 1988. He plead not guilty to the charges and was tried and convicted by a jury.
Initially, we should note that the petitioner and his counsel elected to proceed with two judges of the division in attendant rather than the usual three, although the opportunity for a continuance was afforded them.
Counsel for the petitioner argues that the sentence was excessive given the petitioner's lack of a prior record for a violent crime. Further, he is an alien who now faces deportation.
The state points out that while the petitioner may not have had a bad state criminal record, he has had numerous convictions on the federal level, including four felonies. His sentence in this case was to run consecutively to his federal sentence. According to the state, the sentence meted out was extremely lenient considering his history of drug dealing and the violence used in the commission of these offenses. We are urged to let the sentence stand as imposed.
Mr. Channer spoke on his own behalf. He maintains his innocence, claims that no one was hurt and wants the division to know the victim's car was returned.
In considering this case, we are of the opinion that the sentence imposed was reasonable under all the circumstances. The sentencing court noted the violence of the acts committed and the lawless lifestyle which has brought the petitioner before both the state and federal courts. Using the principles set forth in P.B. § 942, we affirm the sentence and find it neither excessive or disproportionate. CT Page 7807
Sentence affirmed.
Stanley, J.
Purtill, J.
Stanley, J., and Purrill, J. participated in this decision.